# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DUTTI FASHION LLC,

    Plaintiff,

Case No.: _____

v.

SPINNAKER INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant, Spinnaker Insurance Company ("Spinnaker"), by and through its undersigned counsel, hereby removes the above-captioned matter to this Court from the Circuit Court of Milwaukee County, State of Wisconsin ("State Court Action"), stating as follows:

1. The State Court Action was commenced by plaintiff, Dutti Fashion LLC ("Dutti"), with the filing of its Complaint on August 5, 2025 in the Circuit Court of Milwaukee County, State of Wisconsin (Case No. 2025CV006725) (the "State Court Action").

2. Spinnaker was served with a summons and a copy of the Complaint in person by process server upon CSC, its registered agent in the State of Wisconsin, on August 7, 2025.

3. Spinnaker is the sole defendant in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Spinnaker in the State Court Action is attached hereto as Exhibit "A".

4. The Complaint consists of four, separate counts against Spinnaker: (1) breach of contract; (2) bad faith; (3) breach of Wisconsin Statute § 628.46; and (4) punitive damages.

Specifically, the Complaint alleges that Spinnaker failed to pay insurance proceeds allegedly due under a commercial lines businessowners insurance policy (the "Policy") issued to Dutti in connection with a reported theft claim that allegedly occurred on or about August 18, 2024 at the property located at 620 W. Historic Mitchell Street, Milwaukee, WI 53204. The Complaint further alleges that Spinnaker committed bad faith in the handling of Dutti's claim. The Complaint further alleges that Spinnaker failed to issue prompt payment to Dutti for the alleged loss relating to the theft claim in violation of Wisconsin Statute § 628.46. Lastly, the Complaint alleges that Dutti is entitled to punitive damages.

## JURISDICTION

### I. Diversity of Citizenship

5. Spinnaker and Dutti are citizens of different states for purposes of establishing this Court's subject matter jurisdiction under 28 U.S.C. § 1332.

6. Spinnaker is an Illinois corporation with its principal place of business in New Jersey. Attached as Exhibit "B" is a true and correct copy of a publicly available record from the website of the National Association of Insurance Commissioners (https://sbs.naic.org/solar-external-lookup/lookup/company/summary/54218014?jurisdiction=WI). This record confirms that Spinnaker is incorporated in Illinois and maintains its principal place of business at 1 Pluckermin Way, Suite 102, Bedminster, NJ 07921.

7. Dutti is a limited liability company. A limited liability company is a citizen of any state of which a member of the company is a citizen. *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 565 (7th Cir. 2021); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The Complaint does not identify the members of Dutti or their citizenship.

8. On September 5, 2025, Spinnaker served Dutti with its First Set of Interrogatories to Plaintiff Relating to Jurisdictional Discovery (the "Interrogatories") and its First Set of Requests for Admissions to Plaintiff Relating to Jurisdictional Discovery (the "RFAs") for purposes of identifying the members of Dutti and their citizenship. Copies of the Interrogatories and the RFAs are attached hereto as Exhibits "C" and "D", respectively.

9. Although dated September 30, 2025, Dutti served its responses to the Interrogatories and the RFAs upon Spinnaker's counsel via e-mail on October 3, 2025. The responses to the Interrogatories and RFAs are attached hereto as "E" and "F", respectively. In its responses, Dutti stated that it consists of one member, Ahmad Y. Abulawi, who is a lawful permanent resident of Franklin, WI. *See* Ex. E. Dutti further confirmed that Mr. Abulawi is not a citizen of the states of Illinois or New Jersey. *See* Ex. F.

10. In light of the above, since Spinnaker is a citizen of the States of Illinois and New Jersey and Dutti's sole member is a lawful permanent resident of the State of Wisconsin, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## II. Amount In Controversy

11. The amount in controversy in this action, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000, as set forth in 28 U.S.C. § 1332.

12. The Complaint alleges that "a group of unidentified individuals gained access to Plaintiff's covered property and stole approximately $76,083.00 worth of merchandise." *See* Ex. A, Complaint, ¶ 4. The Complaint further alleges that Spinnaker denied coverage for the claim and, therefore, did not issue payment for any of the claimed loss. *See id.*. ¶ 6.

13. light of the above, since Dutti alleges that it is owed $76,083 under the Policy with respect to the theft loss and claim, and because Spinnaker has determined that no insurance

3

proceeds are owed under the Policy for the claim, the amount in controversy exceeds the $75,000 jurisdictional threshold of this Court

## TIMELINESS OF REMOVAL

14. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because the case stated by the Complaint was not immediately removable and this Notice of Removal is being filed within thirty (30) days of Spinnaker's receipt of Dutti's responses to the jurisdictional Interrogatories and RFAs on October 3, 2025, from which Spinnaker could first ascertain that there exists complete diversity of citizenship between the parties.

15. Additionally, this Notice of Removal is being filed within one (1) year from the commencement of the State Court Action on August 5, 2025, and therefore meets the timeliness requirement set forth in 28 U.S.C. § 1446(c)(1).

16. In sum, because diversity of citizenship exists as between Dutti on the one hand, and Spinnaker on the other hand, and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332.

17. The United States District Court for the Eastern District of Wisconsin encompasses the place where the State Court Action is pending. Accordingly, this Court is the proper federal venue for this action.

18. No previous application has been made for the relief requested herein.

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Dutti and a copy is being filed with the Clerk of Court in the State Court Action.

**WHEREFORE**, Spinnaker Insurance Company respectfully removes this action from the Clerk of the Circuit Court of Milwaukee County, State of Wisconsin.

Dated: October 30, 2025

Respectfully submitted,

By: s/ Jason M. Chodos
Jason M. Chodos, Esq.
jchodos@moundcotton.com
MOUND COTTON WOLLAN &
GREENGRASS LLP
110 E. Broward Blvd., Suite 610
Fort Lauderdale, FL 33301
Tel.: (754) 799-2605
Fax: (954) 467-5880

and

Katharine Anne Lechleitner, Esq.
klechleitner@moundcotton.com
MOUND COTTON WOLLAN &
GREENGRASS LLP
30A Vreeland Road, Suite 210
Florham Park, NJ 07932
Tel.: (973) 484-0600
Fax: (973) 242-4244

and

Stephanie L. Dykeman, Esq.
(Wisc. Bar. No. 1035857)
dykeman@litchfieldcavo.com
LITCHFIELD CAVO LLP
250 East Wisconsin Avenue, Suite 900
Milwaukee, WI 53202
Tel: (414) 488-1844
Fax: (414) 875-3331

*Attorneys for Defendant*
*Spinnaker Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2025, I served the foregoing Notice of Removal upon counsel for Plaintiff, Justin F. Wallace, Esq., Wallace Law, Inc., 1414 N. Taylor Drive, Suite 200, Sheboygan, WI 53081 via e-mail.

s/ Jason M. Chodos
Jason M. Chodos
